[Crim. No. 3111. First Dist., Div. One. Aug. 15, 1955.]

THE PEOPLE, Respondent, v. NOEL BIBLE, Appellant.

Noel Bible, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Respondent.

PETERS, P. J.—This is an appeal from a trial court order denying a verified petition for a writ of error *coram nobis.* The petition, which was filed in December of 1954, alleges appellant's arrest, trial, conviction, and sentence (on August 13, 1952) for robbery. Then, in most general terms, it is alleged that appellant prepared his notice of appeal to

this court, and his attorney also promised to perfect the appeal, but "through no fault of the petitioner's he was deprived of his right to appeal"; that "evidence which should have been presented in open court was concealed, suppressed by wrongful persuasion of extrinsic deliberate fraud which was not known by your petitioner"; that "he was convicted on false perjured testimony known to have been false against him by the prosecution"; that his "attorney refused to present the facts to the court which was his duty to prove in open court trial"; that the trial court committed error in several unspecified respects; that "A fair trial was impossible by the inflammatory conspiracy of the District Attorney"; and that he was prevented in some unspecified way from presenting his main defense.

All that appellant presented to the trial court was this petition containing these most general charges. There were no affidavits filed or other evidence offered. The petition does not allege why the notice of appeal was not filed, nor that public officials were responsible for the nonmailing; what evidence was concealed or suppressed, nor by whom or in what manner it was suppressed; what testimony was false or perjured, or how petitioner knows that it was false or perjured; what facts his attorney did not present to the court; what petitioner's main defense was, or how he was prevented from presenting it; or with whom the district attorney is supposed to have conspired.

Under such circumstances the trial judge was justified in denying the petition. ▆▆▆ The writ of error *coram nobis* is a limited writ, available only where no other remedy exists, aimed at reaching errors of fact extrinsic to the record. It cannot be used to review errors of fact or of law that can be reviewed on an appeal. These principles are elementary and frequently have been stated by the courts. (See discussion and cases 12 Cal.Jur.2d 551, § 1 et seq.)

▆▆▆ In such a proceeding " 'it is incumbent upon the defendant to establish by a preponderance of substantial and credible evidence that the error of which he complains was such that he was deprived of legal rights by extrinsic causes amounting to a deprivation of a trial on the merits.' " (*People* v. *Devora,* 105 Cal.App.2d 457, 459 [233 P.2d 653], quoting from *People* v. *Lewis,* 64 Cal.App.2d 564, 565 [149 P.2d 27].) A good summary of some of the rules applicable to such a proceeding is found in *People* v. *Bailey,* 105 Cal. App.2d 150 [232 P.2d 518]. After pointing out that in such

a proceeding the petitioner is deemed to be prima facie guilty and has the burden of producing convincing evidence of his charges (see also *People* v. *Shorts*, 32 Cal.2d 502), the court stated (p. 152 [197 P.2d 330]) : ''Appellant refused to present affidavits in support of his application and failed to produce evidence to establish his right to the writ. The allegations in the motion as to the claimed fraud, deceit, duress and misrepresentations are not specific and are merely appellant's conclusions. . . . No convincing proof is shown entitling appellant to set aside the order denying his petition.''

██ The trial court, in such a proceeding, is not required to accept at face value the allegations of the petition unsupported by affidavits or other evidence even though the petition is verified and uncontradicted. (*People* v. *Martinelli*, 118 Cal.App.2d 94 [257 P.2d 37].) ██ The granting of relief in such a proceeding is a matter largely within the discretion of the trial court, and its ruling will not be upset on appeal except for an abuse of that discretion. (*People* v. *Devora*, 105 Cal.App.2d 457 [233 P.2d 653] ; *People* v. *Adamson*, 34 Cal.2d 320 [210 P.2d 13].)

There are other fatal defects in this petition. ██ In *People* v. *Adamson*, at page 327, the court pointed out that: ''The applicant for the writ 'must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ; otherwise he has stated no ground for relief.' (*People* v. *Shorts* (1948), 32 Cal.2d 502, 513 [197 P.2d 330].)''

██ In other words, it is essential in such cases for the petitioner not only to set forth the probative facts upon which he relies, which the appellant has not done here, but also to allege the times and circumstances under which these facts were discovered. Failure to do so warrants the trial court in denying the application. The cases are collected and these rules summarized in 12 California Jurisprudence 2d 558, section 8, as follows: ''It is essential to the availability of the writ of error *coram nobis* that the facts upon which the petitioner relies for relief were not known to him at the time of the trial, and could not in the exercise of due diligence have been discovered by him substantially earlier than the time of his application for the writ. And it is no excuse that counsel refused to establish the facts during the trial. In other words, it must appear that the new matter is truly

newly discovered by the defendant, not merely newly disclosed.''

 At page 559, section 9, it is stated: ''The applicant must present his petition for the writ of error coram nobis within a reasonable time after discovering that an error of fact occurred during his trial. His duty to pursue his rights diligently continues after judgment. Thus, the court may hold that an unexplained delay in the filing of the petition is ground for denial of the writ.''

In the instant case appellant has alleged only the most general conclusions. He not only did not see fit to set forth the necessary probative facts by affidavit or otherwise, but failed to allege any facts as to the time and circumstances under which the matters set forth in his petition were discovered. The trial court was therefore justified in denying the petition.

 In his brief filed on this appeal appellant makes several charges of irregularities in his trial that he did not see fit to charge in his petition. Thus, it is charged that the corpus delicti was not proved, that the prosecution failed to connect appellant with the crime, that the indictment was faulty, and that hearsay was admitted. All of these are matters not within the scope of *coram nobis*. Moreover, facts not presented to the trial court cannot be raised on appeal. (*People* v. *Bailey,* 105 Cal.App.2d 150 [232 P.2d 518] ; *People* v. *Gilpin,* 38 Cal.App.2d 24 [100 P.2d 356] ; *People* v. *Evans,* 102 Cal.App.2d 320 [227 P.2d 461].)

The order denying the petition is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.