[Crim. No. 5631. Second Dist., Div. Two. July 27, 1956.]

THE PEOPLE, Respondent, v. LOUIS G. BOBEDA, Appellant.

Louis G. Bobeda, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

MOORE, P. J.—On January 3, 1956, appellant filed in the superior court his "Petition for a Writ of Error Coram Nobis or Vobis." He alleged that pursuant to his plea of guilty he had been convicted of having violated section 459 of the Penal Code and sentenced as prescribed by law; that by reading certain lawbooks of the prison law library he was caused to believe that he is not guilty of the charge of burglary in the second degree; that he has been informed, and therefore now knows that the district attorney of Los Angeles County did suppress and withhold evidence which was unknown to petitioner at the time of trial "and had your petitioner not been beaten, coerced, intimidated and forced under duress to enter a guilty plea to the above referred to charges and had your petitioner been allowed to obtain counsel of his choice, a different outcome would have resulted at his trial on the above referred to action"; that such action was a fraud upon the court and petitioner; that it is incumbent upon the district attorney to bring forth the evidence; that the withholding of material proof along with encouraging beating and using duress on the defendant, gives rise to the belief that a different plea would have been entered by this petitioner; that petitioner is now in a state prison without the assistance of counsel to prepare his petition for error *coram nobis*, without funds to pay for the cost of a court action; that the superior court records of his conviction "will reveal that your petitioner did not wilfully enter a plea of guilty" but that "petitioner was forced to stand with an attorney not of his choice and to enter his plea of guilty."

The record discloses that appellant was arraigned before Judge McKay on August 16 and that he pled guilty on August 21, 1946; that he filed application for probation which was denied September 11, 1946, when he was sentenced to the state prison for the term prescribed by law.

No reason is stated, nor can one be gleaned from the petition why appellant had for more than nine years deferred complaining that he had been beaten, coerced, intimidated and forced under duress to plead guilty. Nothing is said to indicate when or how he had learned that at his trial the district attorney did "suppress and withhold evidence which was unknown to petitioner at the time."

Appellant now contends that the trial court violated his constitutional rights by denying his petition for error *coram nobis* without a proper hearing.

He was not denied a proper hearing of his petition. That document is a concatenation of legal conclusions and ultimate facts. It is wholly devoid of probative evidence. It attacks a judgment which is presumptively valid and which convicts petitioner of a felony. (See Code Civ. Proc., § 2051.) ▪ On inspecting the petition, the court observed that no facts had been alleged to justify so long a delay as nine years in seeking a review of his conviction and thereupon denied the petition. That the court was correct is clearly established by the courts of this state. (*People* v. *Collins,* 97 Cal.App.2d 552, 556 [218 P.2d 87].) In *People* v. *Lumbley,* 8 Cal.2d 752, 761 [68 P.2d 354], it was held that a delay of six years and eight months after conviction justified a denial of the writ; in *People* v. *Vernon,* 9 Cal.App.2d 138, 142 [49 P.2d 326], the lapse of more than four and a half years warranted a denial of the petition. In *People* v. *O'Connor,* 114 Cal.App.2d 723, 727 [251 P.2d 64], the court observed that the defendant had not accounted for the delay of 29 months before moving for a writ of error *coram nobis* and that "due diligence in seeking the writ is a prerequisite to the availability of relief on such a motion."* ▪ An applicant for such writ must allege facts in his petition or in affidavits concurrently presented therewith showing that the facts upon which he relies were unknown to him and could not in the exercise of due diligence have been discovered earlier than the time of filing his petition for the writ. (*People* v. *Shorts,* 32 Cal.2d 502, 513 [197 P.2d 330]; *People* v. *Ayala,* 138 Cal.App.2d 243 [291 P.2d 517].) ▪ Moreover, to warrant a trial upon such a petition,

---

*Other cases holding due diligence was not shown where the petitioner had delayed eight years, six and one-half years, five years: *People* v. *Martinez,* 88 Cal.App.2d 767 [199 P.2d 375]; *People* v. *Lewis,* 64 Cal. App.2d 564 [149 P.2d 27]; *People* v. *Harincar,* 49 Cal.App.2d 594 [121 P.2d 751].

it must allege the time and circumstances when the facts were discovered in order to enable the court to determine whether the applicant proceeded with due diligence. A mere allegation of due diligence does not comply with the requirements of such a pleading. (12 Cal.Jur.2d pp. 557-559, § 7.)

■ Where a petitioner attacks a valid judgment, evidences of the vice of the judgment must be presented to overcome the strong presumption of its correctness. (*People* v. *Shorts,* 32 Cal.2d 502, 508 [197 P.2d 330]; *People* v. *Stapleton,* 139 Cal.App.2d 512, 513 [293 P.2d 793].) The petitioner cannot rely upon mere conclusions. (*Ibid; People* v. *Payne,* 140 Cal. App.2d 609, 611-612 [295 P.2d 415].)

But conceding for the nonce that all the conclusions and ultimate facts had been full and complete recitals of probative facts, the court would not have been obliged to accept as true any or all of them. (*People* v. *Kirk,* 98 Cal.App.2d 687, 692 [220 P.2d 976].) ■ The trial court's determination of the truth or the veracity of a witness is final and it is not required to accept as true the testimony of a witness, even though not contradicted. (*People* v. *Kirk, supra; People* v. *Curtis,* 104 Cal.App.2d 219, 223 [230 P.2d 877]; *People* v. *Chapman,* 106 Cal.App.2d 51, 54 [234 P.2d 716].)

While appellant produced no evidence at all, he stood before the court a suitor convicted by judgment of a felony with all its implications and legal consequences, his own veracity impeached by virtue of his own recitals; convicted upon his own plea; silent for nine years; not a witness offered; not a document suggested as containing the germs of legal evidence. Therefore, when confronted with such a pleading, a court is vested with a wide discretion as to whether it will set a day, subpoena the constabulary and roll down the red carpet for the petitioner. (*People* v. *Block,* 134 Cal.App. 217, 218 [25 P.2d 242].) Nothing indicates that such discretion was abused.

■ The petition for writ of error *coram nobis* is a remedy of narrow scope. It was designed to effect the cancellation of a judgment by revealing to the court a fact which, had it been known to the court at the time would have prevented rendition of the judgment. ■ It is not a remedy available to one who has been convicted on false testimony. (*People* v. *Adamson,* 34 Cal.2d 320, 327 [210 P.2d 13].) ■ It is a limited writ available only where no other remedy exists, aimed at reaching errors of fact extrinsic to the record. (*People* v. *Bible,* 135 Cal.App.2d 65, 66 [286 P.2d 524].)

██ ██ Since a motion for a new trial or an appeal was available, it was the duty of petitioner to exercise those processes, and since he did not use either, it was incumbent upon him to plead and prove reasonable excuses for his failure to do so; "to establish by a preponderance of substantial and credible evidence that the error of which he complains was such that he was deprived of legal rights by extrinsic causes amounting to a deprivation of a trial on the merits." (*Ibid.*)

██ The complaint that he was prejudiced by the court's refusal to have him present at the hearing of his petition arises out of appellant's lack of familiarity with such proceedings. That matter was likewise within the sound discretion of the court and consequently the disposition thereof will not be disturbed by the reviewing court in the absence of a showing of abuse thereof.

Affirmed.

Fox, J., and Ashburn, J., concurred.