[Crim. No. 5691.   Second Dist., Div. Two.   Dec. 27, 1956.]

THE PEOPLE, Respondent, v. CESARIO FLORES, Appellant.

Cesario Flores, in pro. per., and John E. Glover, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

FOX, J.—Defendant appeals from the denial of his petition for writ of error *coram nobis*.

Defendant was charged with the commission of seven felonies: four were kidnapping for the purpose of robbery; one was rape (Pen. Code, § 261, subd. 3) ; the other two were respectively, violations of Penal Code, sections 286 and 288a. In all counts it was alleged that defendant was armed with a deadly weapon,—a knife. In each of the kidnapping counts it was alleged that the victim was subjected to bodily harm by defendant.

At defendant's arraignment on September 20, 1954, E. D. McPherson, Esq., appeared as counsel for defendant for the purpose of arraignment only. Arraignment and plea were

continued to December 27. On December 14, defendant appeared by the public defender. Thereafter he was represented by Gladys Towles Root, and Herbert Grossman and Joseph M. Rosen of her office. On January 13, 1955, with Mr. Grossman at his side, he entered a plea of not guilty.

Investigation disclosed that asserted alibi witnesses would not support defendant's claim of an alibi. Mr. Grossman advised defendant that in his opinion "it is a very bad case from your standpoint. The evidence here is against you, and you have no evidence in your behalf, or very little evidence." Mr. Grossman also told him "there is a possibility of a death penalty in this case." Later, defendant told Mr. Rosen: "The truth of the matter is that I committed these offenses that I am charged with. I have denied it up to now . . . because I don't want my wife to know." Thereupon Mr. Grossman, with defendant's consent, sought approval of the district attorney for pleas of guilty to two counts of robbery. The district attorney would not accept such pleas. He insisted on a plea to one count of kidnapping for the purpose of robbery, with an admission that the victim was subjected to bodily harm, and to one other count. Defendant inquired about the possibility of the death penalty being imposed. Grossman replied: "I will not permit you to enter that [plea] unless I am certain in my mind, as much as it is possible for anyone to be certain . . . that you will not receive the death penalty." Defendant thereupon entered a plea of guilty to one of the kidnapping counts and to the charge of rape. On the kidnapping charge the court sentenced him to life imprisonment without possibility of parole (Pen. Code, § 209), and on the rape count to the state prison for the term prescribed by law, that sentence to run concurrently with the other.

Some 10 months after sentence defendant filed this petition. He offered no explanation for his delay.

Defendant was returned to court for the hearing and acted as his own counsel. He did not, however, take the witness stand.

The burden of defendant's complaint is that he was fraudulently induced to employ Mrs. Root; that she and her associates did not competently represent him; that he was induced to plead guilty by reason of coercion and duress on their part; and that the trial court committed prejudicial error in certain of its rulings.

We find nothing in the record that justifies a reversal.

In discussing the function of writ of error *coram nobis,* this court recently pointed out, in *People* v. *Hayman,* 145 Cal. App.2d 620 [302 P.2d 810], that ''The office of that writ is to bring the attention of the court to such facts as existed at the time of the trial that would have constituted a valid defense, but which, without negligence on the part of the defendant, were not presented, either through duress, fraud or excusable mistake and which, not appearing on the face of the record, would have effected an acquittal of the petitioner or, at least, have caused a more favorable judgment to be entered against him [citations].'' There is a strong presumption that the judgment is correct. (*People* v. *Bobeda,* 143 Cal.App.2d 496, 500 [300 P.2d 97]; *People* v. *Shorts,* 32 Cal.2d 502, 508 [197 P.2d 330].) To prevail in a *coram nobis* proceeding a defendant has the burden of establishing by a preponderance of credible evidence that he was deprived of substantial legal rights by extrinsic causes. (*People* v. *Devora,* 105 Cal.App.2d 457, 459 [233 P.2d 653]; *People* v. *Bible,* 135 Cal.App.2d 65, 67 [286 P.2d 524].) Also, the petitioner must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered at any time substantially earlier than the time of filing his petition. (*People* v. *Ayala,* 138 Cal.App. 2d 243, 246 [291 P.2d 517].) Finally, granting relief in such a proceeding rests largely in the sound discretion of the trial court and its decision will not be reversed except for an abuse of that discretion. (*People* v. *Bible, supra,* p. 68; *People* v. *Devora, supra.*)

The questions of fraud, coercion and duress are essentially factual. All three attorneys testified at length as to their professional relationships with defendant and as to what was done by them in the handling and disposition of his case. At the conclusion of the hearing the trial court indicated he believed their testimony rather than the story of defendant as revealed by his verified petition and his supporting witnesses. The trial court ''is not required to accept as true the testimony of a witness though not contradicted.'' (*People* v. *Bobeda, supra; People* v. *Curtis,* 104 Cal.App.2d 219, 223 [230 P.2d 877]; *People* v. *Kirk,* 98 Cal.App.2d 687, 692 [220 P.2d 976].) In this connection defendant charges Mrs. Root with giving perjured testimony on the hearing. The trial court, however, believed her and its ''determination of the truth or the veracity of a witness is final.'' (*People* v. *Bobeda, supra.*) Thus the factual questions have been resolved

against defendant. Such resolution, being supported by substantial evidence, is binding on appeal.

■ Defendant's claim that his counsel did not competently represent him cannot be considered in a *coram nobis* proceeding. (*People* v. *James,* 99 Cal.App.2d 476, 479 [222 P.2d 117]; *People* v. *Krout,* 90 Cal.App.2d 205, 208 [202 P.2d 635]; *People* v. *Ayala, supra,* p. 249.)

■ Defendant predicates error on the court's exclusion of evidence that he was induced to employ Mrs. Root through capping activities on her behalf. The ruling was correct. Such evidence was immaterial in this proceeding.

Defendant asserts that he was denied the right to subpoena witnesses. The record does not support his charge. In this connection the court made the following inquiry of defendant: "THE COURT: Do you know whether the subpoenas were delivered to the Sheriff or the police for the purpose of showing serving? DEFENDANT FLORES: I gave them to my wife to give them to the County Clerk, but as far as them being issued, I don't know." Although defendant's wife was a witness in this hearing, she gave no testimony relative to delivering any subpoenas to the county clerk to be issued by him. It does not appear from her testimony or otherwise that the clerk refused to issue any subpoenas for defendant.

■ Defendant's failure to explain his delay in seeking relief from the asserted imposition of his counsel was a factor for the trial court's consideration in passing on this petition. (*People* v. *Ayala, supra,* p. 246; *People* v. *Krout, supra,* p. 209.)

Defendant had a full and fair hearing. There was no abuse of discretion on the part of the trial court.

The order (identified in the notice of appeal as "Judgment" and "order denying petitioner a new trial") is affirmed.

Moore, P. J., and Ashburn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 23, 1957.