[Crim. No. 5835. Second Dist., Div. Two. June 24, 1957.]

THE PEOPLE, Respondent, v. JAMES CLAUDE COLE, Appellant.

James Claude Cole, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

FOX, J.—Defendant appeals from an order denying his application for a writ of error *coram nobis.*

Defendant was charged by information with violating sec-

tion 11500 of the Health and Safety Code (possession of marijuana), and with three prior felonies. Although defendant was initially represented by private counsel, such counsel was "relieved" and the public defender was appointed to represent the defendant.

On March 30, 1956, defendant entered a plea of guilty, admitted the second and third prior convictions, as alleged, but denied the first alleged prior, which was later stricken in the interest of justice. On April 20th probation was denied and defendant was sentenced to the state prison. No appeal was taken from the judgment.

In his application to vacate and set aside the judgment defendant makes two contentions: (1) that he was induced to enter a plea of guilty by reason of the advice of his counsel that "he [the deputy public defender] had it fixed with the district attorney" that upon a plea of guilty defendant would be granted probation, thus preventing the revocation of his parole; and (2) that the judgment was the direct result of arrest, search and seizure in violation of his constitutional rights. Neither of these grounds justifies a reversal.

■ The pertinent legal principles relative to the scope and function of the writ of error *coram nobis* were recently stated by this court in *People* v. *Flores,* 147 Cal.App.2d 243, 246 [305 P.2d 90]: " 'The office of that writ is to bring the attention of the court to such facts as existed at the time of the trial that would have constituted a valid defense, but which, without negligence on the part of the defendant, were not presented, either through duress, fraud or excusable mistake and which, not appearing on the face of the record, would have effected an acquittal of the petitioner or, at least, have caused a more favorable judgment to be entered against him [citations].' ■ There is a strong presumption that the judgment is correct. [Citations.] ■ To prevail in a *coram nobis* proceeding a defendant has the burden of establishing by a preponderance of credible evidence that he was deprived of substantial legal rights by extrinsic causes. [Citations.] ■ Also, the petitioner must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered at any time substantially earlier than the time of filing his petition. [Citation.] ■ Finally, granting relief in such a proceeding rests largely in the sound discretion of the trial court and its decision will not be reversed except for an abuse of that discretion. [Citations.]" ■ This court also pointed out

in *People* v. *Martorana,* 118 Cal.App.2d 332, 334 [257 P.2d 998], that " 'Neither the trial court nor the appellate court is bound "to accept at face value the allegations of the petition" for the writ.' "

Defendant's claim that the public defender told him that "he had it fixed with the district attorney" that upon a plea of guilty defendant would receive probation, presents purely a factual question. In view of defendant's obvious interest in the matter and his prior felony convictions, the trial court was not required to accept as true his statement although it was not contradicted. (*People* v. *Flores, supra,* p. 246; *People* v. *Bobeda,* 143 Cal.App.2d 496, 500 [300 P.2d 97]; *People* v. *Curtis,* 104 Cal.App.2d 219, 223 [230 P.2d 877].) There was no corroboration of defendant's story that his attorney represented that he had made a deal with the district attorney whereby defendant would receive probation upon a plea of guilty. The trial court was thus called upon to weigh defendant's uncorroborated statement against the "strong presumption" that the judgment was proper. It is implicit in the trial court's decision that defendant failed to establish by a preponderance of credible evidence that he was deprived of substantial legal rights by extrinsic fraud. This determination of the factual issue is binding upon appeal. (*People* v. *Bobeda, supra.*)

In both his opening and closing briefs defendant refers to the public defender as "a state appointed agent." He intimates that his court-appointed counsel was in some manner a representative of the state and under the domination of the prosecutor and that therefore he was not entirely free to act on behalf of his client. There is no merit whatever in this intimation. *In re Hough,* 24 Cal.2d 522 [150 P.2d 448], provides a complete answer. In that case it is stated (p. 529) that "The public defender is free from any restraint or domination by the district attorney or of the prosecuting authorities. He is as free to act in behalf of his client as if he had been regularly employed and retained by the defendant whom he represents."

Defendant's contention that the judgment was the direct result of arrest, search and seizure in violation of his constitutional rights cannot be considered in this proceeding for it is established that "The writ of error *coram nobis* never issues to correct an error of law, nor to redress an irregularity occurring at the trial that could be corrected on motion for new trial or by appeal." (*People* v. *Martinez,* 88 Cal.App.

2d 767, 771 [199 P.2d 375].) As stated in *People* v. *Tuthill*, 32 Cal.2d 819, 822 [198 P.2d 505], "the writ does not lie to correct errors of law." It is clear that questions involving defendant's constitutional rights were legal in character and therefore cannot be considered in this proceeding. (*People* v. *Cook*, 97 Cal.App.2d 284, 285 [217 P.2d 498].)

The order is affirmed.

Moore, P. J., and Ashburn, J., concurred.