[Crim. No. 6112. Second Dist., Div. One. Dec. 30, 1958.]

THE PEOPLE, Respondent, v. ROBERT BILLS LEWIS, Appellant.

*Assigned by Chairman of Judicial Council.

Ray M. Davidow, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Assistant Attorney General, for Respondent.

LILLIE, J.—On May 7, 1957, defendant was convicted by the trial court of first degree burglary and assault with a deadly weapon. It also found four prior felony convictions

alleged in the information to be true and sentenced defendant to the state prison. At the trial he was represented by a deputy public defender. No motion for a new trial was made nor was an appeal taken from the judgment. Four months later, defendant in propria persona filed in the lower court a document denominated "Motion to Annul, Vacate and Set Aside Judgment," later held by this court to constitute an application for a writ of error *coram nobis.* (*People* v. *Lewis,* 157 Cal.App.2d 722 [321 P.2d 859].)

Defendant in his motion asked the lower court to set aside the judgment of conviction or, in the alternative, accord him a full hearing on his allegations. He alleged therein that the district attorney and the deputy public defender wilfully and knowingly suppressed evidence favorable to him; a defense witness was prevented from taking the stand; the "verdict" was decided by "lot of means, other than that of a fair expression of opinion, on the part of the judge"; he was not given sufficient aid by counsel to protect his rights and he failed to appeal because he was ignorant of the law.

Although defendant admitted that at the trial the prosecution had proved the commission of the burglary and assault charges and connected defendant therewith through positive identification by the victim and evidence that the revolver taken from the burglary was subsequently pawned by defendant, he asserted in his motion that he had been home all night on the night of the burglary and that Andrew Swift saw defendant purchase the revolver from one Scott subsequent thereto. Defendant claimed that he advised the deputy public defender that Swift saw him buy the gun from Scott; that Swift told defendant's lawyer he witnessed the purchase but the public defender refused to ask Swift about it on the stand because "I was afraid to ask the witness, Andrew Swift, the 64 Dollar question; you cannot never tell what a witness answer will be under oath," thereby suppressing "evidence knowingly by him favorable to defendant; and the fact is manifest and undutiable (sic) that he should have ask the witness the said 64 Dollar question," and had he done so "the endition (sic) of judgment would have been prevented."

The verified motion and attached points and authorities were the only documents filed by defendant. No affidavits or proof of any kind in support thereof were proffered by him. It is from the order denying the motion, defendant appeals.

Appellant contends that the lower court abused its discretion in denying the motion and/or in refusing to grant a hearing

to which Swift and the deputy public defender should have been subpoenaed, on the ground that the conduct of the deputy public defender in failing to ask Swift about the gun constituted ''extrinsic fraud as to the defendant.''

The granting of relief in proceedings of this kind rests largely within the lower court's discretion, and its ruling thereon will not be upset on appeal except for an abuse thereof. (*People* v. *Bible,* 135 Cal.App.2d 65 [286 P.2d 524]; *People* v. *Devora,* 105 Cal.App.2d 457 [233 P.2d 653]; *People* v. *Adamson,* 34 Cal.2d 320 [210 P.2d 13].)

The writ of error *coram nobis* is a limited writ available only where no other remedy exists, aimed at reaching errors of fact extrinsic to the record (*People* v. *Bible,* 135 Cal. App.2d 65 [286 P.2d 524]); and its function, as pointed out in *People* v. *Flores,* 147 Cal.App.2d 243, at page 246 [305 P.2d 90]: ''. . . is to bring the attention of the court to such facts as existed at the time of the trial that would have constituted a valid defense, but which, without negligence on the part of the defendant, were not presented, either through duress, fraud or excusable mistake and which, not appearing on the face of the record, would have effected an acquittal of the petitioner or, at least, have caused a more favorable judgment to be entered against him (citations).''

At the outset it should be borne in mind that in *coram nobis* proceedings there is a strong presumption that the judgment of conviction is correct (*People* v. *Flores,* 147 Cal.App. 2d 243 [305 P.2d 90]; *People* v. *Bobeda,* 143 Cal.App.2d 496 [300 P.2d 97]; *People* v. *Shorts,* 32 Cal.2d 502 [197 P.2d 330]) and, as stated in *People* v. *Bible,* 135 Cal.App.2d 65, at page 68 [286 P.2d 524]: ''(T)he petitioner is deemed to be prima facie guilty.'' Defendant, therefore, has the burden of overcoming the presumption in favor of the validity of the judgment by establishing through a preponderance of strong and convincing evidence (*People* v. *Fritz,* 140 Cal.App.2d 618 [295 P.2d 449]; *People* v. *Shorts,* 32 Cal.2d 502 [197 P.2d 330]) that he was deprived of substantial legal rights by extrinsic causes (*People* v. *Flores,* 147 Cal.App.2d 243 [305 P.2d 90]; *People* v. *Devora,* 105 Cal.App.2d 457 [233 P.2d 653]; *People* v. *Bible,* 135 Cal.App.2d 65 [286 P.2d 524]). In this connection, the lower court is not required to accept at face value the allegations of the motion or petition even though it be verified and uncontradicted (*People* v. *Martinelli,* 118 Cal.App.2d 94 [257 P.2d 37]; *People* v. *Adamson,* 34 Cal.2d

320 [210 P.2d 13] ; *People* v. *Fritz,* 140 Cal.App.2d 618 [295 P.2d 449]).

 It is clear from the record before us that defendant failed to meet his burden of producing the necessary "strong and convincing" evidence in support of the charges contained in his motion, and in fact failed to offer or produce any competent proof thereon by way of affidavit or otherwise.

The motion itself contained only the most general charges. Beyond the bare accusation that the district attorney and deputy public defender wilfully suppressed evidence in his favor, defendant did not disclose therein when, how, or in what manner they accomplished this or the nature of the evidence suppressed.

Defendant further alleged in his motion that his witness was prevented from testifying, yet he did not reveal his identity, or by whom, or in what manner he was prevented from testifying, or to what matters he would have testified had he been given the opportunity. If, in this connection, he refers to Andrew Swift, it is obvious from defendant's own statements that Swift was not "prevented from testifying," that he was a witness for defendant at the trial and did testify, even though the deputy public defender in his experience and judgment and under the circumstances, did not see fit to question him concerning the gun. Defendant made no showing, by way of affidavit or direct testimony of Swift, or by any offer of proof, that at the trial Swift would have answered such a question favorably to defendant, or that, if he were to be asked such a question in the future, he would so testify. Nor has defendant made any offer of competent proof by way of affidavit or otherwise, that if the deputy public defender were called, he would testify to the conclusions outlined by defendant in his motion. The lower court had before it only the barest of charges contained in the motion and defendant's hearsay statements. Nor does the record disclose whether defendant himself testified he purchased the gun from Scott, or, if so, whether it was in the presence of Swift. However, it is clear that no one by the name of "Scott" testified at the trial.

As to the third charge that the "verdict" was decided by "lot of means, other than that of a fair expression of opinion, on the part of the judge" defendant has not seen fit to provide any reasonable explanation therefor, much less offer any proof thereon.

We are here confronted with only general accusations, bare

of evidentiary support of any kind; and mere legal and factual conclusions based entirely upon hearsay statements of defendant. As such, we deem them to be insufficient to constitute any of the "strong and convincing" proof required of defendant to overcome the strong presumption in favor of the validity of the judgment, in order to establish his right to the writ. The lower court was wholly justified in denying the motion and we find no abuse of its discretion in the record before us.

As to defendant's remaining charges that he was not given sufficient aid of counsel to protect his rights and he failed to appeal his case through ignorance of the law, we deem them likewise to be without merit.

Defendant's alleged ignorance of the law in failing to appeal from the judgment is no more excusable than would be his or his attorney's failure to file notice of appeal because of illness or incapacitation (*People* v. *Dawson*, 98 Cal.App.2d 517 [220 P.2d 587]). Relief therefrom cannot be found by way of writ of error *coram nobis*.

It is also well settled that lack of effective aid of counsel is not properly raised in a proceeding of this kind. (*People* v. *Parseghian*, 152 Cal.App.2d 1 [312 P.2d 81]; *People* v. *Keller*, 151 Cal.App.2d 201 [311 P.2d 14]; *People* v. *James*, 99 Cal.App.2d 476 [222 P.2d 117]; *People* v. *Krout*, 90 Cal.App.2d 205 [202 P.2d 635]). The suggestion that the deputy public defender and district attorney joined in any way to "wilfully and knowingly" suppress evidence on his behalf, although vague, general and wholly unsupported, in the absence of any ground for such alleged action, can only be the result of an intimation arising out of the fact they are both "state officials." This fact alone is insufficient to constitute any evidence of collusion between them, influence or coercion. In this connection, the court stated in the case of *In re Hough*, 24 Cal.2d 522, at page 529 [150 P.2d 448]: "The public defender is free from any restraint or domination by the district attorney or of the prosecuting authorities. He is as free to act in behalf of his client as if he had been regularly employed and retained by the defendant whom he represents." (*People* v. *Cole*, 152 Cal.App.2d 71 [312 P.2d 701].)

For the foregoing reasons the order is affirmed.

White, P. J., and Fourt, J., concurred.