[Crim. No. 7569.    Second Dist., Div. Two.    Nov. 22, 1961.]

THE PEOPLE, Plaintiff and Respondent, v. WILLIAM D. BURROUGHS, Defendant and Appellant.

Robert L. Dicker, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

HERNDON, J.—This is an appeal from an order denying defendant's petition for a writ of error *coram nobis*.

On January 28, 1959, after a jury trial, defendant was convicted on three counts of an information charging him with robbery while armed with a deadly weapon. Two prior felony convictions in sister states were found true as alleged in the information. On February 24, 1959, defendant's motion for a new trial was denied, but the court vacated the jury's findings that defendant was armed with a deadly weapon and that the second alleged prior felony conviction was true. The court found that defendant was armed with a dangerous weapon at the time of the commission of the offenses charged and that the second prior conviction was not true. Probation was denied and defendant was sentenced to state prison for the term prescribed by law. Judgment was entered on February 24, 1959; no appeal was taken therefrom.

On October 25, 1960, defendant, in propria persona, filed in the court below his petition for writ of error *coram nobis*. In this petition, after reciting the proceedings which led to his conviction, defendant alleged that since 1954 he had suffered from the effects of brain damage which he had sustained as a result of a criminal attack upon him made by another inmate

while he was serving a sentence in the Florida State Penitentiary. It was alleged that defendant underwent an emergency operation performed by a well-known neurosurgeon on March 10, 1954, at which time the surgeon elevated and debrided a compound depressed skull fracture, evacuated an epidural hematoma, inspected the brain and found it to be contused; that defendant did well following the operation but was left with a defect in his skull and experienced headaches as well as bizarre episodes said to be associated with amnestic periods, although no true seizures with adventitious movements were documented. The petition further alleged that at the time of the entry of his plea, defendant was "not responsible, capable or with understanding of the nature of such criminal action in issue and was not aware of the proceedings had." Defendant's petition concludes with a prayer that he be allowed to withdraw his plea of "not guilty" and substitute a plea of "not guilty and not guilty by reason of insanity" and that for this purpose, the judgment be vacated and set aside.

Attached to the petition was an affidavit of merits wherein defendant stated that at the time of his plea he was insane; that he had "prior mental disorder" necessitating an operation performed on him by a physician at the Colorado State Penitentiary, which left him with periods of "complete blankness," and with no knowledge of any acts committed by him; that he did not know the difference between right and wrong, and was not responsible for any act committed since 1954.

Also attached to the petition was a copy of a letter from F. H. Zimmerman, M.D., purporting to be a copy of a document from the Colorado State Penitentiary Hospital containing a diagnosis made at that hospital during August and September 1956. It is stated that there was a diagnosis of "(1) Sociopathic personality disturbance, antisocial reaction, (2) Chronic brain syndrome associated with convulsive disorder, post-traumatic. . . ." A copy of a letter apparently signed by Corbin E. Robison, M.D., prison physician at the Colorado State Penitentiary, recited that surgery performed on defendant while he was in that institution consisted of a craniotomy for excision of scar tissue.

Finally, there was attached to the petition a copy of a document apparently signed by Hal. C. Holland, M.D., consulting neurosurgeon at the California Medical Facility, Vacaville, California, in which Dr. Holland stated that defendant had been under his care and study intermittently since January 16, 1960, and that medical records from institutions in

which he had previously been confined had been obtained. Doctor Holland reviewed the medical records, describing the head injuries which defendant had sustained, and the surgery which he had undergone at other institutions in which he had been confined. Doctor Holland described his findings as follows: "The patient was first seen by me in January of 1960, for evaluation of his intracranial situation and consideration of repair of the skull defect. The EEG was reported as mildly abnormal. Pneumoencephalogram performed on 26 March 1960 disclosed mild generalized cerebral atrophy, most marked on the right, the side of injury. With failure to demonstrate any intracranial condition requiring intracranial surgery, the patient underwent an acrylic cranioplasty on 4 June 1960, which was entirely uncomplicated with an uneventful postoperative course.

"The objective evidence of brain involvement is a matter of record and X-ray in this case, and the brain atrophy unquestionably dates its origin from the injury in 1954. Alterations in behavior are known to be frequently seen in cases with demonstrable brain atrophy, which X-ray diagnosis was concurred in [by] the Radiologist. Brain atrophy is considered an organic brain disease, and alterations in behavior of patients known to have the condition deserve careful scrutiny before determining responsibility for actions."

The petition for writ of error *coram nobis* was filed on October 25, 1960, and was denied by the trial judge on the same day. Defendant contends that his petition and supporting documents made such a strong showing of his insanity, both at the time of the commission of the crimes of which he was convicted and at the time of his trial, that the denial of his petition without a formal hearing amounted to an abuse of discretion.

The pertinent legal principles relative to the scope and function of the writ of error *coram nobis* were stated as follows in *People* v. *Hayman,* 145 Cal.App.2d 620, 623 [302 P.2d 810] : "The office of that writ is to bring the attention of the court to such facts as existed at the time of the trial that would have constituted a valid defense, but which, without negligence on the part of the defendant, were not presented, either through duress, fraud or excusable mistake and which, not appearing on the face of the record, would have effected an acquittal of the petitioner or, at least, have caused a more favorable judgment to be entered against him." The foregoing statement is supported by the citation of *People* v.

*Tuthill,* 32 Cal.2d 819, 821 [198 P.2d 505], and *People* v. *Reid,* 195 Cal. 249, 255 [232 P. 457, 36 A.L.R. 1435], and is quoted with approval in *People* v. *Flores,* 147 Cal.App.2d 243, 246 [305 P.2d 90] and *People* v. *Cole,* 152 Cal.App.2d 71, 73 [312 P.2d 701].

In a *coram nobis* proceeding there is a strong presumption that the judgment of conviction is correct. (*People* v. *Cole, supra,* 152 Cal.App.2d 71, 73 ; *People* v. *Flores, supra,* 147 Cal.App.2d 243, 246 ; *People* v. *Bobeda,* 143 Cal.App.2d 496, 500 [300 P.2d 97].) In such a proceeding the petitioner for the writ has the burden of overcoming the presumption in favor of the validity of the judgment by establishing, through a preponderance of strong and convincing evidence, that he was deprived of substantial legal rights by extrinsic causes. (*People* v. *Cole, supra,* 152 Cal.App.2d 71, 73 ; *People* v. *Fritz,* 140 Cal.App.2d 618, 621 [295 P.2d 449] ; *People* v. *Devora,* 105 Cal.App.2d 457, 459 [233 P.2d 653].)

Neither the trial court nor the appellate court is required to accept at face value the allegations of the petition even though the petition be verified and uncontradicted. (*People* v. *Cole, supra,* 152 Cal.App.2d 71, 74 ; *People* v. *Fritz, supra,* 140 Cal.App.2d 618, 621 ; *People* v. *Martinelli,* 118 Cal. App.2d 94, 98 [257 P.2d 37].) The discovery of new evidence affords no ground for the issuance of the writ. (*People* v. *Krout,* 90 Cal.App.2d 205, 208 [202 P.2d 635] ; *People* v. *Knight,* 73 Cal.App.2d 532, 535 [166 P.2d 899].) The writ is not available to review any matter which could have been presented on a motion for a new trial or on appeal. (*People* v. *Mooney,* 178 Cal. 525, 529 [174 P. 325] ; *People* v. *Middleworth,* 172 Cal.App.2d 619, 621 [342 P.2d 348].) The granting of relief in such a proceeding rests largely in the sound discretion of the trial court, and its decision will not be reversed except for an abuse of that discretion. (*People* v. *Cole, supra,* 152 Cal.App.2d 71, 73 ; *People* v. *Bible,* 135 Cal.App.2d 65, 68 [286 P.2d 524].)

With respect to the applicable test as to legal sanity, a person is legally incapable of crime if at the time he committed the act in question he was laboring under such a defect of reason, from disease of the mind, as not to know the nature and quality of his act, or if he did know it, that he did not know that he was doing what was wrong. (*People* v. *Rittger,* 54 Cal.2d 720, 731 [355 P.2d 645] ; *People* v. *Nash,* 52 Cal.2d 36, 39 [338 P.2d 416].)

██ A defendant is sane, within the meaning of section 1368 of the Penal Code,[1] if he is able to understand the nature and purpose of the proceedings taken against him and to conduct his own defense in a rational manner. (*People* v. *Merkouris,* 52 Cal.2d 672, 678 [344 P.2d 1].) ██ The "doubt" referred to in section 1368 requiring a determination of defendant's sanity if doubt arises during the pendency of the action or prior to judgment, is doubt in the mind of the trial judge rather than in the mind of counsel for defendant or any third person. (*People* v. *Merkouris, supra,* p. 678; *People* v. *Jensen,* 43 Cal.2d 572, 576 [275 P.2d 25].)

██ Applying the above-stated principles to the present case, it must be held that the denial of the petition did not constitute an abuse of discretion. It is particularly noted that none of the medical reports attached to the petition purported to express a medical opinion to the effect that defendant was legally insane at any time.

Although defendant was represented by counsel, and testified at the trial in his own behalf, at no time during the pendency of the action in the trial court was there any suggestion of a doubt as to his sanity. The record shows that the judge who denied defendant's petition for the writ of error *coram nobis* was the judge who presided at his trial, and, therefore, was in a position to evaluate the allegations of defendant's petition on the basis of his own observations. (See *People* v. *Lindsey,* 56 Cal.2d 324, 327-328 [14 Cal.Rptr. 678, 363 P.2d 910]; *People* v. *Cox,* 141 Cal.App.2d 158, 161 [296 P.2d 72].)

██ Respondent has contended that this appeal must be dismissed because the notice of appeal was not filed within 10 days after October 25, 1960, the date of the order in question. The notice of appeal, although dated November 2, 1960, was not filed until November 9, 1960—some five days after the expiration of the time allowed by rule 31, Rules on Appeal. For the purposes of this appeal, however, we have assumed

---

[1]Section 1368 of the Penal Code reads: "If at any time during the pendency of an action and prior to judgment a doubt arises as to the sanity of the defendant, the court must order the question as to his sanity to be determined by a trial by the court without a jury, or with a jury, if a trial by jury is demanded; and, from the time of such order, all proceedings in the criminal prosecution shall be suspended until the question of the sanity of the defendant has been determined, and the trial jury in the criminal prosecution may be discharged, or retained, according to the discretion of the court until the determination of the issue of insanity."

the truth of the following uncontroverted statements made by appellant in an affidavit filed with his reply brief:

"That I am the appellant in the above entitled matter. That on November 2, 1960, I signed and delivered to the authorities at the California Medical Facility, Vacaville, California, my Notice of Appeal in the above matter. That on November 2, 1960, I was and still am an inmate at said Medical Facility. That said Notice of Appeal was delivered by declarant to said authorities with instructions to mail it immediately. That your declarant is informed and believes and therefore states that had said Notice of Appeal been promptly posted, it would have arrived in the Superior Court in Los Angeles before the expiration of ten (10) days from October 25, 1960, the date of the Order from which the present appeal has been taken."

On this factual basis, applying the principles of constructive filing as enunciated in *People* v. *Slobodion,* 30 Cal.2d 362, 365-368 [181 P.2d 868] and *People* v. *Stinchcomb,* 92 Cal.App. 2d 741, 742-743 [208 P.2d 396], the jurisdictional requirement of rule 31 is satisfied. Accordingly, we have considered the appeal on its merits.

The order is affirmed.

Fox, P. J., and Ashburn, J., concurred.