[Crim. No. 4025. In Bank.—July 17, 1936.]

THE PEOPLE, Respondent, v. TONY CABRERA, Appellant.

Theodore G. Krumm for Appellant.

U. S. Webb, Attorney-General, S. L. Sefton, Deputy Attorney-General, Stanley Mussell, District Attorney, and Jerome B. Kavanaugh, Deputy District Attorney, for Respondent.

NOURSE, J., *pro tem.*—The appellant was tried and convicted of first degree murder without recommendation for the killing of Alberta Smith by shooting. The judgment was affirmed March 11, 1936. (5 Cal. (2d) 598 [55 Pac. (2d) 481].) To the charge of murder he had entered the plea of not guilty by reason of insanity in addition to the general plea of not guilty. When the jury had retired on the latter plea he moved for leave to withdraw the plea of not guilty by reason of insanity, and that motion was granted. After the *remittitur* had issued his counsel learned that he had been committed to the Florida Farm Colony by the juvenile court in the state of Florida as a "feeble-minded". That commitment was dated February 22, 1928. A petition was thereupon filed in the Superior Court in San Bernardino County for a writ of *coram nobis* and for an order denying his motion for leave to withdraw the insanity plea. This appeal is from the order denying that petition.

On the hearing before the superior court it was stipulated that the special plea was withdrawn after counsel had examined a report of three physicians (two of whom were members of the staff of the state hospital for the insane at Patton) to the effect that the defendant was "of sound mind and legally sane". Counsel for appellant states that if he had known of the Florida commitment he would not have withdrawn the special plea but would have tendered proof of such commitment in support of that plea.

■ The case made in the superior court on the order appealed from is simply one of newly discovered evidence which the appellant had in his possession but had failed to give to his counsel at the time of the trial. It was through no fault or hindrance on the part of the state that his evidence was not given to counsel or produced at the trial. It is not charged that the withdrawal of the special plea was

obtained by fraud, duress, or by any outside force, or other than by the defendant's own inexcusable neglect.

For these reasons the case falls within the rule of *People* v. *Mooney,* 178 Cal. 525, 529 [174 Pac. 325], *People* v. *Reid,* 195 Cal. 249, 256 [232 Pac. 457, 36 A. L. R. 1435], and *People* v. *Superior Court,* 4 Cal. (2d) 136, 149 [47 Pac. (2d) 724].) In the Reid case the following quotation from *Sanders* v. *State,* 85 Ind. 318 [44 Am. Rep. 29], was adopted as a statement of the rule applicable in this state:

"Under our system all matters of fact reviewable by appeal, or upon motion must be presented by motion for a new trial, and cannot be made the grounds of an application for the writ *coram nobis.* Within this rule must fall the defense of insanity as well as all other defenses existing at the time of the commission of the crime. Within this rule, too, must fall all cases of accident and surprise, of verdicts against evidence, of newly discovered evidence, and all like matters."

The difference between this case and the cases cited is that here the appellant intimates that he might have been insane at the time the special plea was withdrawn. This was a question of fact for the trial court on the hearing of the petition. Since the only evidence as to his mental condition at that particular period tended to prove that he was then sane, there was no error in the denial of the petition.

The order is affirmed.

Waste, C. J., Shenk, J., Thompson, J., Seawell, J., Langdon, J., and Curtis, J., concurred.