[Crim. No. 3674. First Dist., Div. One. Dec. 4, 1959.]

THE PEOPLE, Respondent, v. LEIGH FOWLER, Appellant.

Leigh Fowler, in pro. per., for Appellant.

Stanley Mosk, Attorney General, and Edward P. O'Brien, Deputy Attorney General, for Respondent.

BRAY, P. J.—Defendant in propria persona appeals from an order denying his petition for a writ of error *coram nobis*.

In 1944 defendant pleaded guilty to violation of section 211, Penal Code (first degree robbery), and to violation of section 2, chapter 339, Stats. 1923 (the Deadly Weapons Act, now section 12021, Penal Code, possession of concealed weapon by one convicted of a felony). He admitted three prior convictions of robbery. November 10, 1944, he was sentenced to the state prison for the term prescribed by law for each offense, the terms to run consecutively. The court also determined him to be a habitual criminal. In all those proceedings he was represented by a deputy public defender.*

1. Did the superior court err in failing to state grounds for its denial of the petition for writ of error *coram nobis*? No.

Defendant relies upon article VI, section 2, California Constitution, for his contention that it was the duty of the trial court to state in writing the grounds of its decision. That section deals with the Supreme Court and not the superior court. There is no requirement that the latter court must give written grounds in support of its decisions.

2. Was defendant deprived of constitutional rights in that he was denied the aid of counsel in this proceeding and was not present or represented at the hearing? No.

Article I, section 13, of the Constitution, provides in part that in criminal prosecutions the accused shall have the right to appear and defend with counsel. Obviously a *coram nobis* proceeding is not a criminal prosecution to which the fundamental constitutional rights to counsel apply. ". . . a motion in the nature of a writ of error coram nobis is a civil proceeding." (*People* v. *Stinchcomb* (1949), 92 Cal.App.2d 741, 742 [208 P.2d 396].) Whether or not a defendant should have been allowed to appear in person was a matter within the discretion of the court. (*People* v. *Gennaitte* (1954), 127 Cal.App.2d 544, 549 [274 P.2d 169].)

3. Did defendant state any grounds for relief? No.

All the grounds alleged were ones which could have been considered on appeal from the judgment of conviction; hence *coram nobis* will not lie. (*People* v. *Sharp* (1958),

*February 25, 1959, the Supreme Court denied without opinion his petition for habeas corpus. Apparently he attempted to raise the same issues as in his petition in this proceeding. Petitioner seeks to have this court issue a writ of error. However, the petition was properly addressed in the first instance to the trial court, and it is that court's judgment which is here on appeal. See *In re De La Roi*, 28 Cal.2d 264 [169 P.2d 363].

157 Cal.App.2d 205 [320 P.2d 589].) It is settled that *coram nobis* is not a proper vehicle for vindication of constitutional rights which are legal in nature. (*People* v. *Cole* (1957), 152 Cal.App.2d 71, 75 [312 P.2d 701].) Moreover, defendant made no showing that the facts upon which he relies were not known or in the exercise of due diligence could not have been discovered by him at any time substantially earlier than the time of his petition. This is fatal to relief under *coram nobis*. (*People* v. *Adamson* (1949), 34 Cal.2d 320, 327 [210 P.2d 13].) Again, his allegations of extrinsic fraud are unsupported by any evidence, or suggestion thereof, other than his unsupported statement made after more than 14 years have elapsed since the adjudication, without his having heretofore (other than in the habeas corpus proceeding in February of this year) raised any such contentions. The lower court would be justified in disbelieving his statements. (See *People* v. *Sharp, supra,* 157 Cal.App.2d 205, 208; *People* v. *Cole, supra,* 152 Cal.App.2d 71, 74.)

 Applicable here are the following quotations from *People* v. *Lewis,* 166 Cal.App.2d 602, 605, 606-607 [333 P.2d 428] : ''The granting of relief in proceedings of this kind rests largely within the lower court's discretion, and its ruling thereon will not be upset on appeal except for an abuse thereof. . . .

 ''At the outset it should be borne in mind that in *coram nobis* proceedings there is a strong presumption that the judgment of conviction is correct [citations] and, as stated in *People* v. *Bible,* 135 Cal.App.2d 65, at page 68 [286 P.2d 524] : '(T)he petitioner is deemed to be prima facie guilty.' Defendant, therefore, has the burden of overcoming the presumption in favor of the validity of the judgment by establishing through a preponderance of strong and convincing evidence [citations] that he was deprived of substantial legal rights by extrinsic causes [citations]. In this connection, the lower court is not required to accept at face value the allegations of the motion or petition even though it be verified and uncontradicted [citations]. . . .

''We are here confronted with only general accusations, bare of evidentiary support of any kind; and mere legal and factual conclusions based entirely upon hearsay statements of defendant. As such, we deem them to be insufficient to constitute any of the 'strong and convincing' proof required of defendant to overcome the strong presumption in favor of the validity of the judgment, in order to establish his right

to the writ. The lower court was wholly justified in denying the motion and we find no abuse of discretion in the record before us.''

4. Does amendment of section 644, Penal Code, removing conviction of violation of the Deadly Weapons Act as a basis for adjudication of habitual criminal affect the prior adjudication of habitual criminal? No.

Since 1944, when defendant was adjudged a habitual criminal, section 644 has been amended, omitting a violation of the Deadly Weapons Act as a crime upon which a determination of habitual criminal status may be based. A defendant who has violated a penal statute is not entitled to benefits arising from subsequent amendments ameliorating the punishment. (*People* v. *Lindsay* (1925), 75 Cal.App. 115, 121 [242 P. 87].)

The order is affirmed.

Tobriner, J., and Foley, J. pro tem.,* concurred.

A petition for a rehearing was denied December 23, 1959, and appellant's petition for a hearing by the Supreme Court was denied January 27, 1960. Schauer, J., was of the opinion that the petition should be granted.

*Assigned by Chairman of Judicial Council.