[Crim. No. 4323.   First Dist., Div. Three.   Aug. 8, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. HAROLD MILLER, Defendant and Appellant.

Harold Miller, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, and Albert W. Harris, Jr., Deputy Attorney General, for Plaintiff and Respondent.

DRAPER, P. J.—In 1954, a jury found petitioner guilty of first degree murder, two counts of assault with a deadly weapon two counts of kidnapping, possession of a concealable firearm by a convicted felon, and possession of narcotics. The jury having recommended life imprisonment on the murder conviction, he was sentenced to state prison on all counts March 8, 1954. He took no appeal. On December 21, 1962, almost nine years after judgment, he filed this petition for writ of error *coram nobis* in the trial court, and appeals from order denying the writ.

Appellant's request for appointment of counsel on appeal was denied. We are well aware that on the "first appeal, granted as a matter of right," an appellant is entitled to appointment of counsel (*Douglas* v. *State of California*, 372 U.S. 353 [83 S.Ct. 814, 9 L.Ed.2d 811]). Here defendant did not avail himself of the right to such an appeal. ■ Denial of *coram nobis* is appealable as an "order made after judgment" (Pen. Code § 1237; *People* v. *Martinez*, 88 Cal. App.2d 767, 769 [199 P.2d 375]). ■ But *coram nobis* is an extraordinary remedy, and the right to relief under it is not absolute. Rather, the statutory right to move for new trial and to appeal from the judgment have largely supplanted its broad common law function (*People* v. *Reid*, 195 Cal. 249 [232 P. 457, 36 A.L.R. 1435]). In California, there is no statutory authority for the writ, but it is a court-made proceeding which constitutes a collateral attack. The strong presumption supporting a judgment which has become final requires that an applicant for this writ make a prima facie showing that he comes within its narrow scope (*People* v. *Adamson*, 34 Cal.2d 320 [210 P.2d 13]; *People* v. *Shorts*, 32 Cal.2d 502 [197 P.2d 330]).

■ The writ is available only to secure relief, when no other remedy exists, from a judgment whose rendition would have been prevented if the trial court had known some fact then existing which, through no negligence or fault of defendant, was not known at time of judgment (*People* v. *Adamson*, *supra*; *People* v. *Shorts*, *supra*). ■ Thus he must show that neither he nor the court knew the alleged facts before judgment.

The petitioner here alleges only (1) that during its deliberations the jury "returned to the courtroom seeking more information," which the trial judge refused to give, and (2) that "the total evidence introduced at . . . trial clearly indicated justifiable homicide."

It is undeniable that these "facts" were known to both the trial court and defendant before judgment was pronounced. Thus the petition on its face establishes its fatal deficiency.

■ Due diligence in pursuing the remedy of *coram nobis* is required. In the absence of explanation, delay in application bars relief. Delay of three years after judgment (*People* v. *Lempia*, 144 Cal.App.2d 393 [301 P.2d 40]), three months (*People* v. *Del Campo*, 174 Cal.App.2d 217 [344 P.2d 339]), two years (*People* v. *Crawford*, 176 Cal.App.2d 564 [1 Cal. Rptr. 811], *People* v. *Johnson*, 175 Cal.App.2d 290 [345 P.2d

952]), seven years (*People* v. *Vaitonis,* 200 Cal.App.2d 156 [19 Cal.Rptr. 54]) have been held to preclude resort to the writ. Here defendant knew all the facts before judgment, and still waited nine years to seek *coram nobis.*

"A convicted person is not permitted to allow years to pass during which witnesses die, disappear or forget, and his own imagination grows and expands." (*People* v. *Martinez, supra,* 88 Cal.App.2d 767, 773.) Even stronger reasons for the rule exist in this case. No record of the trial is now possible. The court reporter has certified that his notes have been destroyed (Gov. Code, § 69955). The death of the trial judge before the filing of the instant petition precludes preparation of a settled statement on appeal (Cal. Rules of Court, rule 7*). It might occur to skeptics that a prompt and successful appeal or motion for new trial may have resulted in the death penalty (Pen. Code, § 190) on retrial, while the delay until no record is available bars the use of a transcript to substitute for the testimony of witnesses who have died or disappeared, or to refresh recollections of those whose memories have dimmed.

■ At most, the petition filed in the trial court seeks to correct errors of law allegedly made at the trial. *Coram nobis* does not lie for this purpose (*People* v. *Ayala,* 138 Cal.App. 2d 243, 245-246 [291 P.2d 517]).

■ In his briefs to this court, petitioner sets out a number of additional factual claims. Facts not presented to the trial court cannot be raised on appeal (*People* v. *Bible,* 135 Cal.App.2d 65, 69 [286 P.2d 524]). Even if the new claims be considered, they do not aid appellant. In the main, they are but amplifications of his belated assertion that the facts showed the homicide to be justifiable. ■■ He does attempt to allege that his failure to appeal was in some way due to neglect of counsel. But this is not a ground for *coram nobis* (*People* v. *Bible, supra*), nor is a defendant's failure to appeal because of ignorance of the law ground for relief in such a proceeding (*People* v. *Lewis,* 166 Cal.App.2d 602 [333 P.2d 428]). ■ Moreover, he fails to show why the absence of an appeal first occurred to him after almost nine years' confinement in prison.

Appellant was represented by private counsel at trial. Although he alleges that the public defender appeared for him when judgment was pronounced, he does concede that he was then represented by that attorney. Giving full credence to

---

*Formerly Rules on Appeal, rule 7.

his allegations, he shows only error which could have been corrected by motion for new trial or appeal. His petition affirmatively shows that the remedy he seeks is unavailable to him.

Order affirmed.

Salsman, J., and Devine, J, concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 1, 1963.