On May 3, 1963, the defendant-appellant, Tom James Blevins, and defendant Morrow, in *Page 803 
propria persona, filed a motion to set aside and vacate judgment and petition for writ of error coram nobis in forma pauperis. The motion and petition were denied, from which order both defendants, again in propria persona, appealed. At the request of defendants filed with their opening brief, this court appointed George C. Coleman to represent them on this appeal; thereafter defendant Morrow filed an abandonment of appeal and the appeal as to Morrow only was dismissed by this court.
This matter results from an indictment by the grand jury charging the two defendants with murder. During all proceedings in the lower court defendant Morrow was represented by an able attorney and the appellant was represented by the experienced public defender. Defendants subsequently, on November 28, 1962, pled guilty to murder in the second degree.
Briefly, defendant Morrow and his wife had filed a complaint charging James Phillips and Pola Phillips (later deceased) with assault and robbery as a result of an altercation which had taken place sometime prior thereto; the Phillipses were arrested and later released. Thereafter, the Morrows complained to the police that they were not being protected, and Morrow, taking the law into his own hands, went with appellant Blevins to the Phillips' house to discourage any further assaults by the Phillipses. While at the Phillips' house Morrow picked up a piece of wood and struck Pola Phillips who succumbed a few hours later from an internal injury.
Appellant's general contentions are that by being charged with murder and the possibility of the gas chamber he was thus under duress and coercion and induced to plead guilty; that he failed to receive needed medical treatment; and that he, with Morrow, received incorrect advice from their attorneys.
[1] The court properly denied the appellant's petition for a writ of error coram nobis. The petition was not timely filed, and appellant cites no facts which were not known to him at the time of trial or could not have been known to him by diligent efforts; such facts should have been called to the attention of the trial court at the time of trial and cannot be raised for the first time by means of a writ of error coram nobis. (People
v. Painter, 214 Cal.App.2d 93, 97 [29 Cal.Rptr. 121].) It was said in the Painter case at page 97:
"And in People v. Shorts, supra, 32 Cal.2d 502, 513 *Page 804 
[197 P.2d 330], the court said that an applicant for the writ `. . . must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ; otherwise he has stated no ground for relief.' (People v. Adamson, 34 Cal.2d 320, 327 [210 P.2d 13]; People
v. Slater, 152 Cal.App.2d 814, 816-817 [313 P.2d 111].)"
[2] With reference to the claim of appellant's being denied sufficient food and medical attention while in the county jail awaiting trial, the court in People v. O'Connor, 114 Cal.App.2d 723, at page 726 [251 P.2d 64], held that coram nobis
was not available on this ground because "[a]ll the facts above indicated, even if true, must have been known to defendant at the time he entered his plea of guilty."
[3] Appellant relies on the denial of effective aid of counsel. The record shows that before the pleas were entered the appellant and Morrow consulted with their attorneys. Coramnobis is not available to the claim of denial of effective aid of counsel. (People v. Mendez, 144 Cal.App.2d 500, 503 [301 P.2d 295].)
[4] The appellant claims that through his attorney and Morrow's attorney it was implied that the district attorney was assuring them of a lenient sentence, and yet, at the same time the appellant maintains that the charge of murder which carries with it the possibility of death in the gas chamber constitutes duress and coercion. This contention is without merit and is clearly answered in People v. Hodge, 147 Cal.App.2d 591, 593-594 [305 P.2d 957], as follows: "Appellant also contends that the district attorney threatened to seek the death penalty if appellant refused to plead guilty. Of course, the filing of the complaint and information charging murder in the first degree carried with it the clearly implied threat of the death penalty. Assuming a direct threat by the prosecutor to seek the greater penalty, there is no proper ground for setting aside the plea. (People v. Toledo, 111 Cal.App. 204, where the court, at page 208 [295 P. 353], expresses `serious doubt as to whether a statement by a district attorney that he contemplates doing his duty, may ever be considered as duress.')"
However, it must be noted that the appellant did receive a lesser sentence in the judgment of second degree murder.
Appellant has set forth no facts with regard to his constitutional rights being invaded. *Page 805 
"`The application should make a full disclosure of the specific facts relied upon and not merely state conclusions as to the nature and effect of such facts.' (People v. Stapleton,139 Cal.App.2d 512, 513-514 [293 P.2d 793].)" (People v. Mendez,supra, 144 Cal.App.2d 500, 503-504.)
[5] The trial court's denial of the writ of error coramnobis is completely within its discretion and cannot be reversed except on a clear showing of an abuse of that discretion. (People v. Evans, 185 Cal.App.2d 331, 333 [8 Cal.Rptr. 410] ; People v. Mendez, supra, at p. 504.)
It is further clear that the court need not believe all the allegations or affidavits even if they are uncontradicted. (People v. Tannehill, 193 Cal.App.2d 701, 705 [14 Cal.Rptr. 615] ; People v. Martinelli, 118 Cal.App.2d 94, 98 [257 P.2d 37].)
In conclusion, the appellant has set forth no allegations which can be presented on coram nobis. All of the facts and claims alleged by the appellant were known by him at the time the plea was made and he was adequately represented by counsel and has raised no matters which were not so known to him at time of trial.
The order is affirmed.
Conley, P.J., and Stone, J., concurred.
Appellant's petition for rehearing was denied December 30, 1963, and the following opinion was then rendered:
THE COURT
[6] The defendant has filed a petition for rehearing raising for the first time a new point, namely, that he was not afforded an alleged constitutional right for the appointment of an attorney to represent him in the coram nobis proceedings in the court below, with the collateral argument that if counsel had been appointed he would have been enabled to file a better petition than he did. As these contentions were not previously made either in the lower court or on the appeal, the petitioner has no right to urge these points in the petition for rehearing. (Prince v. Hill, 170 Cal. 192, 195 [149 P. 578]; A.F.Estabrook Co. v. Industrial Acc. Com., 177 Cal. 767, 771 [177 P. 848]; Estate of Novotny, 94 Cal.App. 782, 790 [271 P. 923,273 P. 58]; Mann v. Brison, 120 Cal.App. 450, 452 [7 P.2d 110, 9 P.2d 257]; Estate of Edwards, 126 Cal.App. 152, 157 [14 P.2d 318, 15 P.2d 194]; Conner v. East Bay Mun. UtilityDist., 8 Cal.App.2d 613, *Page 806 
619 [47 P.2d 774, 48 P.2d 982]; Ocean Park etc. Corp. v. City ofSanta Monica, 40 Cal.App.2d 76, 87 [104 P.2d 668, 879]; Epperson v.Rosemond, 100 Cal.App.2d 344, 347-348 [223 P.2d 655, 224 P.2d 480];Smith v. Crocker First Nat. Bank, 152 Cal.App.2d 832, 836-837 [314 P.2d 237].) Furthermore, the record does not show that petitioner applied to the trial court for the appointment of an attorney.
[7] But even assuming, arguendo, that petitioner would be in a position to raise the question, it does not appear that the holding would necessarily be favorable to him. In People v.Fowler, 175 Cal.App.2d 808, 810 [346 P.2d 792], the basic question involved was answered as follows:
"Was defendant deprived of constitutional rights in that he was denied the aid of counsel in this proceeding and was not present or represented at the hearing? No.
"Article I, section 13, of the Constitution, provides in part that in criminal prosecutions the accused shall have the right to appear and defend with counsel. Obviously a coram nobis
proceeding is not a criminal prosecution to which the fundamental constitutional rights to counsel apply. `. . . a motion in the nature of a writ of error coram nobis is a civil proceeding.' (People v. Stinchcomb (1949), 92 Cal.App.2d 741, 742 [208 P.2d 396].) Whether or not a defendant should have been allowed to appear in person was a matter within the discretion of the court. (People v. Genniatte (1954), 127 Cal.App.2d 544, 549 [274 P.2d 169].)"
The opinion in Douglas v. State of California,372 U.S. 353, 356 [83 S.Ct. 814, 816, 9 L.Ed.2d 811, 814], expressly reserves the question as follows:
"We are not here concerned with problems that might arise from the denial of counsel for the preparation of a petition for discretionary or mandatory review beyond the stage in the appellate process at which the claims have once been presented by a lawyer and passed upon by an appellate court. We are dealing only with the first appeal, granted as a matter of right to rich and poor alike (Cal. Pen. Code, §§ 1235, 1237), from a criminal conviction. We need not now decide whether California would have to provide counsel for an indigent seeking a discretionary hearing from the California Supreme Court after the District Court of Appeals had sustained his conviction (see Cal.Const., Art. VI, § 4c; Cal. Rules on Appeal, rules 28, 29[*]), or whether counsel *Page 807 
must be appointed for an indigent seeking review of an appellate affirmance of his conviction in this Court by appeal as of right or by petition for a writ of certiorari which lies within the Court's discretion. But it is appropriate to observe that a State can, consistently with the Fourteenth Amendment, provide for differences so long as the result does not amount to a denial of due process or an `invidious discrimination.' Williamson v.Lee Optical of Oklahoma, 348 U.S. 483, 489 [75 S.Ct. 461, 465, 99 L.Ed. 563, 573]; Griffin v. Illinois, supra, p. 18, 76 S.Ct. p. 590 [351 U.S. 12 (76 S.Ct. 585, 100 L.Ed. 891, 55 A.L.R.2d 1055)]. Absolute equality is not required; lines can be and are drawn and we often sustain them. See Tigner v. Texas,310 U.S. 141 [60 S.Ct. 879, 84 L.Ed. 1124, 130 A.L.R. 1321];Goesaert v. Cleary, 335 U.S. 464 [69 S.Ct. 198, 93 L.Ed. 163]."
In at least one case decided after Douglas v. State ofCalifornia, supra, 372 U.S. 353 [83 S.Ct. 814, 9 L.Ed.2d 811],People v. Miller, 219 Cal.App.2d 124, 126 [32 Cal.Rptr. 660], the First District Court of Appeal, Division 3, refused to grant the request by a petitioner for a writ of error coramnobis for the appointment of counsel even on appeal.
The petition for rehearing is denied.
A petition for a hearing by the Supreme Court was denied January 29, 1964.
* Now California Rules of Court, rules 28, 29. *Page 808