[Crim. No. 4375. First Dist., Div. Two. Dec. 11, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. MICHAEL J. ROMANO, Defendant and Appellant.

Jack M. Wiseman, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., and John F. Kraetzer, Deputy Attorneys General, for Plaintiff and Respondent.

AGEE, J.—Defendant was convicted of a violation of section 288 of the Penal Code by his plea of guilty. His application for probation was denied and he was sentenced to state prison.

There was no motion for a new trial or appeal from the judgment of conviction. Up to and including pronouncement of sentence, defendant was represented by court-appointed counsel, Ben F. La Mar, Jr.

Seven months later, defendant mailed to the trial court a petition for a writ of error *coram nobis*. He sought to set aside his plea of guilty and the judgment based thereon.

The pertinent allegations in the petition are as follows: that fraud was practiced upon defendant in that the "members of the San Mateo Police Department, Deputy District Attorney Mr. Walter H. Harrington, Jr., and attorney Mr. Ben F. La Mar persuaded petitioner to plead guilty, as charged, with the firm promise that he would be granted probation"; that he believed that the promise would be honored and therefore he pled guilty. The petition infers that defendant claims that he is not guilty, although this is not expressly stated.

The allegations of the petition, if found to be true, might entitle defendant to the relief requested. (*People* v. *Gilbert*, 25 Cal.2d 422, 442-443 [154 P.2d 657]; *People* v. *Campos*, 3 Cal.2d 15, 17 [43 P.2d 274]; *People* v. *Odlum*, 91 Cal.App.2d 761, 771 [205 P.2d 1106]; *People* v. *Butterfield*, 37 Cal.App. 2d 140 [99 P.2d 310]; 12 Cal.Jur.2d, Coram Nobis, § 14, pp. 565-567.)

The petition was unverified and was not supported by affidavits or any other evidence. Its charging allegations were denied by the affidavits of La Mar and three deputy district attorneys.

Defendant was not represented by counsel at the hearing of the petition. It was denied and defendant has appealed from the order. We appointed attorney Jack M. Wiseman to represent defendant on this appeal. (This appointment and that of the trial court are on the ground of indigency.)

Appellant states the issue as follows: "The issue to be considered in the present appeal appears to be whether the trial court in failing to appoint counsel to represent the

appellant on his petition for writ of error *coram nobis* contravened and violated the Fourteenth Amendment of the Constitution of the United States and [hence] denied the appellant 'due process of law.' ''

There is no contention that appellant ever made any request for counsel to assist him in the preparation or presentation of his petition. We are thus not faced with a situation wherein the assistance of counsel has been requested and *denied.*

 Even though requested, a court is not required to appoint counsel for an indigent defendant in every post-conviction proceeding. (See discussion by Presiding Justice Draper in *People* v. *Miller* (1963) 219 Cal.App.2d 124 [32 Cal.Rptr. 660].)

 In our opinion, the failure of the trial court herein to appoint counsel (on its own motion) to represent appellant at the hearing in question did not constitute prejudicial error.

 This conclusion, however, should not preclude the appellant from properly presenting a second petition upon the same ground.

In *Sanders* v. *United States* (1963) 373 U.S. 1 [83 S.Ct. 1068, 10 L.Ed.2d 148] a convicted bank robber filed a motion to be released. His motion contained only conclusions and it was denied on this ground. He then filed a second motion alleging facts which, if true, might entitle him to relief. The sentencing court refused to hear the second motion on the ground that the matter had been determined by its ruling on the first motion.

 The United States Supreme Court reversed this holding, stating as follows: ''Controlling weight may be given to denial of a prior application ... only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application.''

As to (2), *supra,* it is at least probable that the trial judge did not weigh and consider the allegations of the petition as against the denials in the opposing affidavits in the manner that would be required *if* the petition had been verified or affidavits presented in support thereof.

This probability appears from the order of denial, wherein it is stated as follows: ''The petition is neither verified nor

executed under penalty of perjury, nor have any affidavits been filed in support of it." It thus appears that there may not have been a determination "on the merits" within the meaning of that phrase as used in *Sanders, supra.*

Even more in point is the "ends of justice" consideration. Appellant is now advised by this opinion that, upon any subsequent application for the same relief, he must support the allegations of the petition with evidence. It appears to us that the ends of justice would be served by allowing him this opportunity.

The order denying appellant's petition is affirmed without prejudice to a new and proper application by him for the relief sought herein.

Shoemaker, P. J., and Taylor, J., concurred.