36 Cal.Rptr. 199]

[Crim. No. 1908. Fourth Dist. Dec. 19, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. ERNEST WHITE, Defendant and Appellant.

W. Craig Biddle, Public Defender, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

GRIFFIN, P. J.—Defendant-appellant was convicted by a jury on a charge of burglary, second degree, in violation of Penal Code, section 459, after 61 minutes of deliberation. He was represented at the trial by Deputy Public Defender John Carroll.

The evidence at the trial shows generally that about midnight on December 8-9, 1962, Leed's Jewelry Store in Indio was burglarized and certain items of jewelry were taken. A witness, who was in his place of business across the street from the jewelry store, testified that he heard a crash as though someone had driven through a plate glass window. He saw a man with his hand inside of the window of Leed's store picking up something. The wife of this witness testified that she saw this and she said that the man then ran down the street toward the First Security Bank. A policeman testified that he saw defendant, whom he recognized, looking in the window next door to the jewelry store about midnight. He then saw the man move over to the display window of Leed's Jewelry Store.

( 842 )

Another officer (Terry) came upon the scene after the first witness had called the police. He testified that he observed the broken window and that he then started toward Oasis Street and saw defendant, who was known to him, in the area of the school grounds; that he observed that the pockets of defendant's coat were bulging out and that he asked defendant what he had in them and defendant said "Nothing"; that when he asked defendant where he was going, defendant made no statement; that defendant was asked to step over to the police car and his pockets were checked and several boxes of rings were found; that defendant was placed under arrest and taken back to the jewelry store; that when he was asked about the jewelry which had been removed from his pockets, defendant replied, "You didn't remove any jewelry from my pockets."

Another officer found a small wooden chip in the window show case which apparently had been broken off one of the ring boxes found on defendant. The manager of the jewelry store identified the ring boxes found on defendant as coming from his store.

Defendant did not testify at the trial and presented no evidence. On appeal, the public defender appointed by this court stated that his office had represented this defendant throughout the trial and at all stages of the proceedings and had examined the record and reporter's transcript on appeal; that it was their conviction that no error was committed and that there were no meritorious grounds for the appeal.

The Attorney General filed a memorandum reciting the facts gleaned from the record and came to the same conclusion.

Suffice it to say, this court has also examined the entire record and we perceive no error reflected therein justifying a reversal of the judgment.

Judgment affirmed.

Coughlin, J., and Brown (Gerald), J., concurred.