[Crim. No. 126. Fifth Dist. Feb. 23, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. JOIE SILVA, Defendant and Appellant.

Richard W. Dietrich, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Doris H. Maier, Assistant Attorney General, and Richard K. Turner, Deputy Attorney General, for Plaintiff and Respondent.

BROWN (R. M.), J.— Appellant appeals from a denial of his application for writ of error *coram nobis*. In June 1963 a judgment was entered adjudging appellant guilty of violation of Penal Code section 288. On October 15, 1963, the appellant filed a motion to annul, vacate and set aside the judgment, which was denied, and an untimely notice of appeal was thereafter filed. His request for relief from default was denied by this court on January 29, 1964. Again on May 4, 1964, he filed a petition for writ of error *coram nobis* contending that he had been denied a trial on the merits and that though the testimony of the complaining witness was available, the only evidence presented by the prosecution was the transcript of the testimony at the preliminary hearing. He also claims, in his brief, that the trial court failed to appoint counsel to represent him, though there is no record of his having requested counsel, and he objects to the fact that the original court trial was held before Judge Fowler but that the first application to annul, vacate and set aside the judgment was heard by Judge Bush, who also heard and denied his petition for writ of error *coram nobis*.

The precise issues urged on this appeal were originally presented in his first appearance entitled "Motion to Null, Vacate and Set Aside the Judgment." A motion to set aside a judgment is essentially the same as a petition for writ of error *coram nobis*. (See *Vernon* v. *Rappaport*, 25 Cal.App.2d 281, 283 [77 P.2d 257].) Since the issue concerning the preliminary transcript was determined adversely to appellant on the prior motion, he is thus foreclosed from raising it a

second time. (*People* v. *Marshall,* 126 Cal.App.2d 357, 359 [272 P.2d 816] ; *People* v. *Ryan,* 118 Cal.App.2d 144, 148 [257 P.2d 474] ; *Vernon* v. *Rappaport, supra.*)

The rules setting forth the law and the applicability of proceedings in *coram nobis* are discussed in *People* v. *Shipman,* 62 Cal.2d 226, 230 [42 Cal. Rptr. 1, 397 P.2d 993]. ■ Following such standards, a proper petition for a writ of error *coram nobis* must show that, (1) through no negligence or fault of petitioner, certain facts were not presented to the court, which, if so presented, would have prevented the judgment rendered; (2) that certain " 'newly discovered evidence . . . [does not go] to the merits of issues tried' "; and (3) that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion. ■ These requirements were not met in appellant's petition.

In view of these strict requirements, the *Shipman* case is authority for such a petition to be summarily denied. But, when such facts have been alleged with sufficient particularity to show that there are substantial legal or factual issues on which the availability of the writ turns, the court further states that the matter must be set for hearing; and that when such facts are stated sufficiently to satisfy the court that a hearing is required, petitioner is entitled to have counsel appointed to represent him. (See also *People* v. *Waldo,* 224 Cal. App.2d 542 [36 Cal.Rptr. 868] ; *People* v. *Romano,* 223 Cal. App.2d 216 [35 Cal.Rptr. 756] ; *People* v. *Blevins,* 222 Cal. App.2d 801 [35 Cal.Rptr. 438, 36 Cal.Rptr. 191] ; *People* v. *Miller,* 219 Cal.App.2d 124 [32 Cal.Rptr. 660] ; and *People* v. *Fowler,* 175 Cal.App.2d 808 [346 P.2d 792].)

Thus, we conclude that there was no error in the summary denial of the writ.

The order is affirmed.

Conley, P. J., and Stone, J., concurred.