**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 20 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FIRST ONE LENDING CORPORATION;
JOHN VESCERA,

          Plaintiffs-Appellants,

  v.

THE HARTFORD CASUALTY
INSURANCE COMPANY,

          Defendant-Appellee.

No. 14-56492

D.C. No. 8:13-cv-01500-AG
(DFM)

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, Districr Judge Presiding

Argued and Submitted October 4, 2016
Pasadena, California

Before: D.W. NELSON and PAEZ, Circuit Judges, and BUCKLO,[**] District
Judge.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Elaine E. Bucklo, United States District Judge for the
Northern District of Illinois, sitting by designation.

First One Lending Corporation and John Vescera (together, "First One") appeal from the district court's grant of summary judgment in favor of The Hartford Casualty Insurance Company ("Hartford"). The district court held that Hartford had no duty to defend First One in a lawsuit brought against it by the Neighborhood Assistance Corporation of America ("NACA") because the complaint sought only restitution of ill-gotten gains, which are not insurable as a matter of public policy under California law. *See, e.g.*, *Bank of the W. v. Superior Court*, 833 P.2d 545, 553-54 (Cal. 1992) (in bank). We have jurisdiction under 28 U.S.C. § 1291. We review the district court's order *de novo, see, e.g.*, *Trishan Air, Inc. v. Fed. Ins. Co.*, 635 F.3d 422, 426 (9th Cir. 2011), and we reverse.

"The California Supreme Court has stated that the insured is entitled to a defense if the underlying complaint alleges the insured's liability for damages *potentially* covered under the policy, or if the complaint might be amended to give rise to a liability that would be covered under the policy." *Anthem Elecs., Inc. v. Pac. Emp'rs Ins. Co.*, 302 F.3d 1049, 1054 (9th Cir. 2002) (internal quotation marks omitted). The underlying action against First One potentially sought damages within the coverage of Hartford's insurance policy. NACA's Lanham Act and common law unfair competition claims both authorize compensatory relief for the kind of reputational injury alleged in the complaint. That NACA's requested

2

monetary award was based on First One's profits does not mean the award would have been restitutionary in nature. *See, e.g.*, *Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1011 (9th Cir. 1994) (defendants' profits may be used as a measure of compensatory damages in Lanham Act claims).

This case is distinguishable from *San Miguel Community Ass'n v. State Farm General Insurance Co.*, 163 Cal. Rptr. 3d 358 (Cal. Ct. App. 2013), and *Gunderson v. Fire Insurance Exchange*, 44 Cal. Rptr. 2d 272 (Cal. Ct. App. 1995), where the insureds' potential liability was deemed too speculative to trigger the duty to defend. Unlike those cases, First One's potential liability did not require speculation about additional allegations that could have been, but were not, included in the complaint. *See, e.g.*, *Hudson Ins. Co. v. Colony Ins. Co.*, 624 F.3d 1264 (9th Cir. 2010) (insurer had duty to defend where complaint did not assert a covered claim but contained factual allegations supporting such a claim). Moreover, unlike in *San Miguel* and *Gunderson*, Hartford produced no declaration from NACA's counsel disavowing any claim for compensatory damages.

Because the underlying action potentially sought damages covered by the policy, Hartford was not entitled to summary judgment.[1]

---

[1] We express no opinion regarding the merits of other grounds on which Hartford may have reserved the right to contest its duty to defend First One.

3

**REVERSED**.