NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FIRST ONE LENDING CORPORATION; JOHN VESCERA, <br><br>        Plaintiffs-Appellants, <br><br> v. <br><br> THE HARTFORD CASUALTY INSURANCE COMPANY, <br><br>        Defendant-Appellee. | No.   20-55016 <br><br> D.C. No. <br> 8:13-cv-01500-AG-DFM <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted March 11, 2021
San Francisco, California

Before: McKEOWN, IKUTA, and BRESS, Circuit Judges.

First One Lending Corporation and John Vescera (collectively, "Appellants")

appeal the district court's grant of summary judgment to The Hartford Casualty

Insurance Company. We review the district court's ruling on a motion for summary

judgment de novo. *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 759

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

(9th Cir. 2017). We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse in part.

1.     The district court erred in granting summary judgment to Hartford on Appellants' claim seeking $1.5 million in indemnification, the amount Appellants paid to settle a prior lawsuit that the Neighborhood Assistance Corporation of America (NACA) brought against Appellants. The district court should have instead granted Appellants' cross-motion for summary judgment on this claim.

a.     The parties agree that California law governs their insurance agreement. Under California law, Hartford must reimburse Appellants if (1) the policy covered the settlement, and (2) the settlement is reasonable. *Isaacson v. California Ins. Guarantee Ass'n.*, 750 P.2d 297, 308 (Cal. 1988), *as modified on denial of reh'g* (Apr. 6, 1988). In two prior appeals, we held that Hartford breached its duty to defend Appellants in the NACA litigation. *See First One Lending Corp. v. Hartford Cas. Ins. Co.*, 664 F. App'x 619, 621 (9th Cir. 2016) [*First One Lending I*]; *First One Lending Corp. v. Hartford Cas. Ins. Co.*, 755 F. App'x 710, 710–11 (9th Cir. 2019) [*First One Lending II*]. Because Hartford failed to defend Appellants, it "has the burden of proving by a preponderance of the evidence that the settlement payments were allocable to claims not actually covered . . . ." *Navigators Specialty Ins. Co. v. Moorefield Constr., Inc.*, 212 Cal. Rptr. 3d 231, 255 (Ct. App. 2016) (quotations omitted); *see also Pruyn v. Agric. Ins. Co.*, 42 Cal. Rptr.

2

2d 295, 302 n.15 (Ct. App. 1995), *as modified* (July 12, 1995), *as modified on denial of reh'g* (July 27, 1995).

Hartford does not dispute that the amount of the NACA settlement was reasonable. And while "California case law precludes indemnification and reimbursement of claims that seek the restitution of an ill-gotten gain," *Unified W. Grocers, Inc. v. Twin City Fire Ins. Co.*, 457 F.3d 1106, 1115 (9th Cir. 2006), Hartford has not shown that all or part of the NACA settlement was for non-covered restitution or otherwise excluded claims.

The NACA settlement agreement resolved NACA's claims against Appellants under the Lanham Act and for harm to NACA's reputation. These were covered claims under the insurance policy's provision for "personal and advertising" injuries. While we are not limited to the terms of the NACA settlement agreement in assessing whether the settlement was for covered claims, *see id.*, Hartford has not created a genuine dispute of material fact in arguing that the NACA settlement included non-covered restitution. There is no suggestion that NACA itself received restitution from the settlement. And as we explained in *First One Lending I*, "[t]hat NACA's requested monetary award was based on First One's profits does not mean the award would have been restitutionary in nature." 664 F. App'x at 620–21.

Nor has Hartford shown that the NACA settlement included restitution for homeowners, which the insurance policy would not have covered. Homeowners

3

were not parties to NACA's suit against Appellants, nor was there any "final adjudication" in the NACA litigation of Appellants' alleged wrongs against homeowners. *AXIS Reinsurance Co. v. Northrop Grumman Corp.*, 975 F.3d 840, 848 (9th Cir. 2020). It is also undisputed that nothing required NACA to use its settlement proceeds to reimburse homeowners, even as NACA may have chosen to do so.

We disagree with Hartford that Vescera's statements in his criminal proceedings require a different conclusion under the doctrine of judicial estoppel. Hartford has not explained how Vescera's statements could estop First One, which was not a party to the criminal proceedings. *See, e.g.*, *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1044–45 (9th Cir. 2016) (judicial estoppel did not apply to party who did not make prior statement). Nor has Hartford shown that Vescera's statements in the criminal proceedings were "clearly inconsistent" with Appellants' position here. *Id.* at 1045 (quotations omitted). In both instances, Vescera and Appellants maintained that NACA had no obligation to pay homeowners, even as they may have hoped that NACA would do so.

b. Hartford's alternate argument that California Insurance Code § 533 precludes coverage similarly fails. Section 533 states that "[a]n insurer is not liable for a loss caused by the wilful act of the insured . . . ." Cal. Ins. Code § 533. We previously held that the claims in NACA's complaint did not fall under § 533

4

because "the Lanham Act trademark infringement claim . . . did not require a showing of willfulness" and at least some claims in the complaint were not "'inseparably intertwined' with willful conduct." *First One Lending II*, 755 F. App'x at 710–711 (quoting *Unified W. Grocers*, 457 F.3d at 1114). While this appeal involves the duty to indemnify, the NACA settlement included payment for the Lanham Act claims and Hartford has not shown that all or part of the $1.5 million settlement was for willful conduct, for the reasons we explained above.

c. Nor does the settlement fall within the policy's exclusion of personal and advertising injury resulting from the rendering of, or the failure to render, financial services. We previously rejected Hartford's argument that NACA's lawsuit only included claims concerning financial services "because at least some of those claims bore an insufficient causal nexus with financial services." *First One Lending II*, 755 F. App'x at 711. The NACA settlement agreement only included covered claims and in arguing otherwise, Hartford points to the same evidence we rejected in *First One Lending II*.

2. The district court correctly granted summary judgment for Hartford on Appellants' claims that Hartford denied insurance coverage in bad faith. To show a bad faith denial of coverage, a plaintiff must prove that "(1) benefits due under the policy were withheld; and (2) the reason for withholding benefits was unreasonable or without proper cause." *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 992 (9th Cir.

5

2001).  While we previously concluded that Hartford had to defend Appellants in the NACA litigation and now conclude Hartford must indemnify Appellants for the NACA settlement, Hartford did not act unreasonably in denying coverage, particularly given Vescera's statements during his criminal trial.

3.      The district court correctly granted summary judgment for Hartford on Appellants' punitive damages claim.  Because Appellants cannot show bad faith, they necessarily failed to meet the higher standard for punitive damages.  *See Tibbs v. Great Am. Ins. Co.*, 755 F.2d 1370, 1375 (9th Cir. 1985).

\*          \*          \*

We reverse the district court's grant of summary judgment to Hartford on Appellants' claim for $1.5 million in indemnification and direct the district court to enter judgment for Appellants on that claim.  We affirm the district court's grant of summary judgment to Hartford on Appellants' bad faith and punitive damages claims.  The matter is remanded for proceedings consistent with this decision.  The parties shall bear their own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**