Filed 5/30/14  P. v. Therien CA3

**NOT TO BE PUBLISHED**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Placer)

----

| | |
|---|---|
| THE PEOPLE, | C073265 |
| Plaintiff and Respondent, | (Super. Ct. No. 62-086827) |
| v. | |
| RANDALL JOSEPH THERIEN, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

## PROCEDURAL AND FACTUAL BACKGROUND

In June 2009, defendant Randall Joseph Therien pleaded guilty to stalking (Pen. Code, § 646.9, subd. (a))[1] and stalking with a prior stalking conviction (§ 646.9, subd. (c)(2)). In August 2009, he was sentenced to state prison for three years eight months. As of December 2012, defendant evidently had "served his state prison sentence, and [was] off parole."

In August 2012, a new complaint (case No. 62-115765) was filed charging defendant with stalking with a prior stalking conviction. The 2009 conviction in the present case (No. 62-086827) was alleged as the prior stalking conviction.

On December 12, 2012, defendant filed in the trial court a "Notice of Motion to Vacate Judgment/Petition of Writ of Error Coram Nobis; Declaration of Defendant" (hereafter petition). The petition sought to vacate the 2009 conviction in the present case. On December 18, 2012, the prosecution filed opposition. On January 16, 2013, an evidentiary hearing was held. On January 30, 2013, the trial court denied the petition.

Defendant obtained a certificate of probable cause for appeal.

### Defendant's *Coram Nobis* Petition

The basis for the petition was the claim that defendant's "guilty plea was not a knowing plea as he was not advised of [all] the elements of the offense prior to the taking of the plea." Specifically, defendant claimed he was not advised that stalking requires a person make a "credible threat with the intent to place [the victim] in reasonable fear for his or her safety." (§ 646.9, subd. (a).)[2] At the hearing on the petition, defense counsel clarified that "[w]e are not alleging ineffective assistance of counsel."

---

[1] Undesignated statutory references are to the Penal Code.

[2] Section 646.9, subdivision (a) states, in relevant part, "Any person who willfully, maliciously, and repeatedly follows or willfully and maliciously harasses another person

At the hearing, defendant testified that, at the time he entered his plea in 2009, he was represented by Cynthia Woodburn of the Placer County Public Defender's Office. She made "many, many appearances" for him. Defendant testified that, when he entered the pleas, he was not aware of the credible threat/intent to place in fear element of stalking. He believed that sending "79 e-mails to a girl constituted stalking." He did not learn of the credible threat element of the offense until a few months prior to the January 2013 hearing, when he was charged with a new stalking offense. Defendant testified that the credible threat element had never been explained to him when he entered the pleas in 2009. No one from the public defender's office ever explained this element to him. He did not believe his conduct constituted a credible threat, and he would not have entered the pleas had he been aware of the credible threat element.

Defendant agreed that K.A. was the alleged victim of the 2009 case. He testified that she had no reason to be afraid of him as a result of the e-mails. K.A. had known defendant a long time and knew that he was not violent. Defendant denied sending K.A. sexually explicit photographs.

**Response by Trial Counsel**

Cynthia Woodburn represented defendant in 2009 when he pleaded guilty to stalking. She remembered that the victim's first name was [K.] Woodburn testified that she advised defendant of "the elements of the crime that he was pleading to." In particular, she advised him of the element of credible threats: "I remember that we had discussed it because there was an issue about where the credible threat was and we had done research about that and we were waiting impatiently for [the prosecutor] to forward us a large section of discovery that allegedly contained the credible threat." This was

and who makes a credible threat with the intent to place that person in reasonable fear for his or her safety, or the safety of his or her immediate family is guilty of the crime of stalking."

3

counsel's first felony stalking case and she had "pulled up the whole . . . research on stalking and . . . looked at all the case law for it for the elements." Although she did not remember the dates, she recalled conversations with defendant at the jail regarding the case and the elements of stalking. She did not recall any specific discussion about the elements on the day of the plea.

## Arguments on the Petition and Ruling

Defense counsel argued the prosecutor's statement of factual basis for the plea had omitted the element of credible threat. The prosecutor argued that the statement of factual basis had been sufficient and that defendant had not established the necessary elements of a writ of error *coram nobis*.

On January 30, 2013, the trial court noted that it had reviewed its notes from the hearing and from the petition and opposition. The court denied the petition, finding that attorney Woodburn was more credible than defendant. The court stated, "The Defendant in this case claims that he did not know that an element of stalking was that there had to be a credible threat. His attorney at the time, Cynthia Woodburn, testified that she did advise him of that element prior to the plea. She specifically recalls this because it was her first stalking case. She recalls having a conversation while waiting for further discovery from [the prosecutor], although she does not remember the specific date of the conversation. [¶] The Court finds Ms. Woodburn to be more credible than the Defendant. Therefore, the motion and writ is denied. [¶] The Court declines at this time to address the People's procedural objections because that is not necessary based on my findings regarding the merits. [¶] The Court also finds that the factual basis at the time of plea is sufficient."

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *Wende*, requesting the court to review the record and determine whether there are any arguable issues on appeal.

4

Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

## DISCUSSION

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

A decision to deny *coram nobis* rests largely in the sound discretion of the trial court. (*People v. Flores* (1956) 147 Cal.App.2d 243, 246.) The trial court was not required to accept a defendant's testimony in support of his motion. (*Ibid.*) As in *Flores*, the trial court here made a credibility determination, concluding that defendant's former counsel was credible and defendant was not. "Thus the factual questions have been resolved against defendant. Such resolution, being supported by substantial evidence, is binding on appeal." (*Id.* at pp. 246-247.)

## DISPOSITION

The judgment is affirmed.


                                             _____MURRAY_____, J.


We concur:


_____NICHOLSON_____, Acting P. J.


_____HULL_____, J.


5